USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA YANG, *individually and on behalf of all others similarly situated,*

Plaintiff,

-against-

ASIA MARKET CORP., JIE MING LIANG, WEN "DOE" (LAST NAME UNKNOWN), NAOMI KWONG, "JOHN" (FIRST NAME UNKNOWN) KWONG,

Defendants.

17-CV-6886 (VEC)

ORDER AND OPINION

VALERIE CAPRONI, United States District Judge:

Plaintiff is a former cashier at Defendants' store and alleges a series of labor violations under federal and state law. Plaintiff seeks conditional certification of a Fair Labor Standards Act ("FLSA") collective, which Defendants oppose. For the reasons stated below, Plaintiff's motion for collective certification is denied.

## I. MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE

Plaintiff moves for conditional certification of a collective action and to send notice to the putative members of the collective, supported by a brief Declaration from Plaintiff. *See* Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification ("Collective Mem.") [Dkt. 24]; Declaration of Lian Yang ("Yang Decl." or "Plaintiff's Declaration") [Dkt. 25]; Proposed Collective Notice and Consent Forms ("Proposed Notice and Consent") [Dkts. 26-1, 26-2]. Plaintiff alleges, *inter alia*, that she worked at Defendants' store as a cashier for less than two months and that she and other employees were not paid overtime

compensation for time worked beyond 40 hours per week. Collective Mem. at 3. She alleges that she was paid a flat monthly salary of $1500 in cash. *Id*.

Defendants oppose conditional certification of a collective. *See* Defendants' Affirmation in Opposition ("Defs.' Aff.") [Dkt. 29]; Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification ("Collective Opp.") [Dkt. 30]. Defendants also propose a number of revisions to Plaintiffs' Proposed Notice and Consent. *See* Ex. A to Defs.' Aff. [Dkt. 29-1].

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). At the "notice stage," plaintiffs must establish that other employees "may be 'similarly situated'" to them. *Id.* at 555 (citations omitted). To meet this burden, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and internal quotation marks omitted). While a plaintiff's burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518(JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (citations omitted), and generally cannot be satisfied by "unsupported assertions." *Myers*, 624 F.3d at 555 (citation and internal quotation marks omitted). Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis in original) (citation omitted). At this first stage, therefore, courts do not examine "whether there has been an actual violation of law . . . ." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.,* 1993 WL 276058, at *2 (S.D.N.Y. July 21,

1993) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists.")).

At the second stage, "when the Court has a more developed record, the named plaintiff[] must prove that the plaintiffs who have opted in are *in fact* similarly situated to the named plaintiffs." *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964(PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis from *She Jian Guo*) (internal quotation marks omitted). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citations omitted).

The Court finds that Plaintiff has not met her burden of showing that she and others suffered from the same improper compensation practices. Her affidavit is extraordinarily general and vague and does not mention a single specific conversation that she had with any of her coworkers about Defendants' compensation practices. *See* Yang Decl. In particular, she alleges that she "got to know [her] colleague[s] about work and pay," including two drivers, three other cashiers, and a stocker, and that she "met with [them] from time to time when [they] arrived at or left [] work . . . ." *Id.* ¶ 3. Plaintiff alleges that she and these coworkers were "always paid at the same time." *Id.* But while she specifically discusses her own work schedule and compensation scheme, every reference to her coworkers' experiences and potential claims is—repeatedly—merely "[b]ased on [her] personal observation and conversations with other co-workers." *Id.* ¶¶ 4–11. And while the Memorandum of Law asserts that Plaintiff's Declaration provides "detailed allegations," Collective Mem. at 10, this is demonstrably false; the Memorandum and Declaration offer no specifics and rely entirely on boilerplate materials that Plaintiff's counsel

recycles from one FLSA case to the next.[1] *See generally* Collective Mem.; Yang Decl. Accordingly, while Plaintiff's burden is low, the facts set forth in her materials are insufficient to support conditional certification of a collective.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion to conditionally certify a collective is denied. The parties are ordered to appear for a conference on April 13, 2018 at 10:00 A.M., and must confer and submit a proposed Case Management Plan and Scheduling Order no later than April 10, 2018. The Civil Case Management Plan may be found on the Court's website: http://nysd.uscourts.gov/judges/Caproni. The Clerk of Court is instructed to terminate Docket Entry 23.

**SO ORDERED.**

**Date: April 3, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[1] For example, the Memorandum of Law refers to employees who "all worked as delivery workers" as well as "restaurant workers employed by Defendants," illustrating that Plaintiff's counsel reused materials from prior cases but failed to make the necessary changes to conform the papers to the facts in this case. *See* Collective Mem. at 4, 10.