# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

May 24, 2018

Keli Liu, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: Kliu@hanglaw.com

**VIA ECF**
The Hon. Henry B. Pitman, U.S.M.J.
United States District Court
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:    Lian Yang v. Asia Market Corp. et al.
>        Case No. 1:17-cv-06886-VEC

Dear Judge Pitman:

Plaintiff Lian Yang ("Plaintiff," "Plaintiff Yang," or "Ms. Yang") and Defendants Asia Market Corp. and Naomi Kwong (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the signed proposed settlement agreement is annexed herein as **Exhibit A**.

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff Yang alleged that she was formerly employed as a worker for Asia Market Corp., a supermarket owned by Defendants and located at 71 ½ Mulberry Street, New York, NY 10013. Defendants hired Plaintiff from July 10, 2017 until September 2, 2017. Plaintiff alleges that she worked an average of 61 hours per week and was paid a flat monthly salary of $1,500.00 paid in cash.

1

If Plaintiff was to prevail on all of her FLSA claims, her unpaid wages and overtime premiums, exclusive of liquidated damages and penalties, would total approximately $3,905.86. Plaintiff is confident that she can prove her allegations through witness testimony and documentary evidence and with liquidated damages and penalties, she is entitled to a total of $15,513.00. If the case further proceed, Plaintiff is going to seek certification of collective action again. With the aid of discovery evidence, Plaintiff is confident that her attempt will be successful the second time and expose Defendants to higher potential liability.  Defendants allege that Plaintiff's work hours claimed are inaccurate and contend that Plaintiff was properly paid for all hours worked. .

Nevertheless, the parties agreed on the settlement amount of $16,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $16,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $5,900.00 with settlement payments to Plaintiff Yang of $10,100.00. The attorney's fees and costs are allocated as follows: $5,050 for fees, and $850.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### Attorney's Fees

The settlement agreement also provides for reasonable attorneys' fees.  Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $850.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $15,150.00 as attorneys' fees, which is $5,050.00 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).  This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).  Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

2

3

Respectfully submitted,

*/s/ Keli Liu*
Keli Liu, Esq.