USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LIN YANG,                           :

                Plaintiff,     :     17 Civ. 6886 (HBP)

  -against-                         :     OPINION
                                         AND ORDER
ASIA MARKET CORP., et al.,          :

                Defendants.    :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve a settlement in this matter pursuant to the requirements set forth in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the settlement is approved and the action is dismissed with prejudice and without costs.

       This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law in which plaintiff alleges, among other things, that she worked for defendant Asia Market Corp. from July 10, 2017 through September 10 2017, that on average she worked 61 hours

per week and was paid a flat monthly salary of $1,500 in cash.[1] In addition to statutory penalties for defendants' alleged failure to provide wage notices and wage statements, plaintiff claims she is owed $3,905.86 exclusive of liquidated damages and attorney's fees. Defendants dispute plaintiff's allegations and claim that she was properly paid for all hours that she worked.

The parties proposed settlement provides that defendants will pay plaintiff a total of $16,000.00. From this sum, $850.00 will be allocated to pay counsel's out-of-pocket costs. One third of the remainder -- $5,050.00 -- will be paid to counsel as a fee. The balance -- $10,100.00 -- will be paid to plaintiff.

> Court approval of an FLSA settlement is appropriate
> 
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a

---

[1] Because the parties reached their settlement before a settlement conference could be scheduled, my knowledge of the case and the settlement is limited to the facts set forth in the parties' letter in support of the settlement (Letter to the undersigned from Keli Liu, Esq., dated May 24, 2018 (Docket Item ("D.I.") 50)).

2

settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, the total settlement represents more than four times plaintiff's actual allegedly unpaid wages, and the net amount to be received by plaintiff is more than two and one-half times her allegedly unpaid wages. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants

dispute the number of hours plaintiff claims to have worked and argue that she was properly paid for all hours worked. Neither side appears to have any documentary evidence corroborating their position. Thus, trial preparation would likely require depositions of both sides to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial plaintiff will bear the burden of proving that she was an employee and the number of hours she worked. Given the apparent absence of any corroborating evidence and her interest in the outcome, there is a non-trivial risk that a fact finder may not credit plaintiff's testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment

4

of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, the fact that the net settlement amount to be received by plaintiff is more than two and one-half her actual claimed damages strongly suggests that the settlement is the non-collusive product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud.

Finally, the settlement provides that 33.3% of the net settlement fund -- $5,050.00 -- will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement

5

amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs, except that the Court will retain jurisdiction to enforce the terms of the settlement in the event of a breach. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
August 20, 2018

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

6